UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH METCALF,

    Plaintiff,

v.                                              Case No:   8:16-cv-3246-T-DNF

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff, Joseph Metcalf, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

        **A.  Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382a(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do his previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B. Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200,

1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

**C. Procedural History**

Plaintiff protectively filed an application for SSI on January 13, 2013, alleging a disability onset date of January 1, 2009. (Tr. 169, 270). Plaintiff's application was denied initially on March 8, 2013, and upon reconsideration on June 24, 2013. (Tr. 190-95, 197-201). Plaintiff requested a hearing and, on February 27, 2015, an administrative hearing was held before Administrative Law Judge James P. Alderisio ("the ALJ"). (Tr. 112-156). On April 7, 2015, the ALJ entered a decision finding that Plaintiff was not under a disability since the application date. (Tr. 97-111). Plaintiff filed a request for review which the Appeals Council denied on September 23, 2016. (Tr. 81-87). Plaintiff initiated this action by filing a Complaint (Doc. 1) on November 21, 2016.

**D. Summary of the ALJ's Decision**

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 13, 2013. (Tr. 102). At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease and seizure disorder. (Tr. 102). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 102-03).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 416.967(b) except that he is precluded from climbing ladders, ropes, scaffolds, ramps or stairs, or from horseback riding or boat riding. Jobs must be on flat level ground with no foot pedals. He must avoid exposure to vibrating and hazardous machinery.

(Tr. 103). At step four, the ALJ relied upon the testimony of a vocational expert to find that Plaintiff is capable of performing his past relevant work as a "Salesperson, Automobile" as such work would not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 106). The ALJ concluded that Plaintiff had not been under a disability since January 13, 2013, the date his application was filed. (Tr. 107).

**II.     Analysis**

Plaintiff raises two issues on appeal: (1) whether the ALJ erred by finding that Plaintiff had past relevant work as an automobile salesperson; and (2) whether the ALJ erred by failing to properly evaluate Plaintiff's bilateral knee pain and obstructive sleep apnea. The Court will address each issue separately below.

**A.  Whether the ALJ erred by finding that Plaintiff had past relevant work as an automobile salesperson.**

Plaintiff argues that although he worked as an automobile salesperson in the past, this work does not constitute past relevant work. (Doc. 23 p. 6). Plaintiff notes that the record shows that he was employed by two car dealerships, Firkins Chrysler Plymouth Jeep in 2009 and Boast, Motors, Inc. (Boast Volkswagen) in 2010, for less than a month each. (Doc. 23 p. 6). Plaintiff contends that automobile salesperson has an SVP rating of 6, indicating the job takes over one year up to and including two years for an employee to achieve average performance. (Doc. 23 p. 7). In

response, Defendant contends that substantial evidence supports the ALJ's finding that Plaintiff had past relevant work as an automobile salesperson. (Doc. 24 p. 3-7).

Past relevant work is defined by the regulations as work that was done within the last fifteen years, was of sufficient duration to enable the worker to learn the job, and was substantial gainful activity. 20 C.F.R. § 404.1565(a). Substantial gainful activity is defined in the regulations as "work that (a) involves doing significant and productive physical or mental duties; and (b) is done . . . for pay or profit." 20 C.F.R. § 404.1510. The regulations also provide average income guidelines to assist in the determination of whether work was substantial gainful activity. The presumed substantial gainful activity threshold amount was $980 per month for 2009 and $1000 per month for 2010. *See* 20 C.F.R. § 404.1574(b)(3)(ii); Substantial Gainful Activity, Social Security Administration, available at https://www.ssa.gov/oact/cola/sga.html (last visited November 2, 2017).

In this case, the Court finds no error in the ALJ's finding that Plaintiff had past relevant work as an automobile salesperson. First, the record demonstrates that Plaintiff worked as an automobile salesperson within the last fifteen years. At the administrative hearing, Plaintiff testified that he had worked as an automobile salesperson a few years prior to the hearing, "five/six years or whatever. I don't know how long it's been." (Tr. 124). Plaintiff's earning records corroborate his testimony, showing he worked for Firkins Chrysler Plymouth Jeep in 2009 and for Boast Motors in 2010. (Tr. 287-88).

Second, Plaintiff's earnings surpassed the monthly earning threshold for work to be considered substantial gainful activity. Plaintiff asserts that he worked at Firkins Chrysler Plymouth Jeep and at Boast Motors for less than a month each. Plaintiff's earning records show he reported earning $1,603.30 at Firkins Chrysler Plymouth Jeep and $1,084.96 at Boast Motors.

(Tr. 287-88). These monthly earning totals exceed the threshold and the Court finds no error in the ALJ's finding that Plaintiff's work was substantial gainful activity.

Finally, while it appears that Plaintiff only worked as a car salesperson for a couple months during the fifteen years preceding the ALJ's decision, he also testified that he started working as a car salesperson when he was eighteen years old and that he would have returned to the job if not for his impairments. (Tr. 124-25). Thus, the Court finds Plaintiff's argument that he did not perform the job automobile salesperson long enough to learn the job unavailing.

At the administrative hearing, the vocational expert testified that Plaintiff had past relevant work as a deck hand, fence erector, livestock ranch hand, fisher, and automobile salesperson. (Tr. 122, 124, 126, 128). The ALJ then asked the vocational expert a hypothetical question that included functional limitations identical to Plaintiff's RFC. (Tr. 103). The VE responded that Plaintiff could perform his past relevant work as an automobile salesperson. (Tr. 142). Thus, substantial evidence supports the ALJ's finding that Plaintiff can perform his past relevant work. *See Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999).

**B. Whether the ALJ erred by failing to properly evaluate Plaintiff's bilateral knee pain and obstructive sleep apnea.**

Plaintiff argues that the ALJ erred by failing to properly evaluate and address Plaintiff's complaints of bilateral knee pain and obstructive sleep apnea. (Doc. 23 p. 11). Further, Plaintiff argues that the ALJ erred by improperly substituting his opinion for that of the medical expert Daniel J. Johnson, M.D., who performed a consultative medical examination of Plaintiff on June 8, 2013. (Doc. 23 p. 11). In response, Defendant argues that the ALJ properly evaluated Plaintiff's severe impairments and substantial evidence supports the ALJ's findings. (Doc. 24 p. 7-10).

After reviewing the record and Plaintiff's arguments, the Court finds that remand would be inappropriate. In support of his argument, Plaintiff cites to two medical records: (1) records from Tampa General Hospital dated April 15, 2015, indicating a diagnosis of osteoarthritis of the knee and a referral for surgery, and (2) Dr. Johnson's examination indicating a diagnosis of obstructive sleep apnea and bilateral knee pain with degenerative disc disease. These records do not demonstrate that Plaintiff's functional ability was more limited than found by the ALJ. As Defendant notes, the Eleventh Circuit has held that a diagnosis itself says nothing about the severity of the condition. *See Johns v. Bowen*, 821 F.2d 551, 555 (11th Cir. 1987). While the ALJ did not directly address these diagnoses, the ALJ's decision shows that he evaluated the medical records in which they were contained. *See* (Tr. 104-05) (referencing Exhibits 6F and 7F). The ALJ explicitly considered and assigned significant weight to the opinion of Dr. Johnson. (Tr. 105). Dr. Johnson, despite his diagnosis, indicated that had 5/5 motor strength in his lower extremities, normal range of motion in his joints, no difficulty getting off the examination table, no difficulty heel and toe walking, and that he walked normally without an assistive device. (Tr. 687-88).

"There is no rigid requirement that the ALJ specifically refer to every piece of evidence in the record." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). It is a claimant's burden to demonstrate that he or she is disabled under the Social Security Act. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). Here, Plaintiff has failed to carry his burden of demonstrating that he is disabled. Accordingly, the Court will not disturb the ALJ's decision upon review.

### III. Conclusion

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on March 9, 2018.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties